Decided 3 April, 1906.

## SEAWEARD v. DUNCAN.

84 Pac. 1043.

From Malheur: GEORGE E. DAVIS, Judge.

Suit by J. H. Seaweard against Pearl and Mamie Duncan, and from the decree entered the defendants appeal.

AFFIRMED.

For plaintiff there was a brief over the name of *King & Brooke,* with an oral argument by *Mr. William Rufus King.*

For defendants there was a brief and an oral argument by *Mr. George Wesley Hayes.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to determine the respective rights of the plaintiff and defendants to the use of the waters of Crooked Creek, in Malheur County. Crooked Creek is a perennial stream carrying from 600 to 800 inches of water at the place of diversion by the parties to this litigation, when the quantity is not diminished by parties farther up the stream. The plaintiff is the owner of 160 acres of arid land through which the creek flows. It was filed on by one Florence Gans in May, 1894, under the desert land act, and she conveyed her interest therein to E. W. Crutcher, who filed a homestead thereon in 1895 and received a patent in 1901. On November 20, 1895, Crutcher filed in the county clerk's office a notice of intention to appropriate 250 inches of water from the creek for irrigation. During the winter and spring of 1895 and 1896 he constructed a ditch with a carrying capacity of 500 or 600 inches of water from a point on the stream a short distance above his land, with the intention of appropriating 250 inches, or so much thereof as might be necessary, to irrigate his premises. In 1896 he had under cultivation, and irrigated with water through this ditch, about 20

acres, and continued to increase his cultivated area each
succeeding year, as his means and ability would permit,
until he sold his land and water right to the plaintiff in
1902, since which time the plaintiff has from year to year
enlarged his cultivated area, until at the commencement
of this suit he had in cultivation about 80 acres, and there
yet remains about an equal amount of irrigable land which
he intended to put into cultivation.  In 1901 the defend-
ants, who are the owners of a tract of land some distance
from Crooked Creek, went upon the stream at a point a
short distance above the head of plaintiff's ditch, and di-
verted water for the irrigation of their land, and contin-
ued to use the same until in May or June, 1904, when their
diversion interfered with the alleged prior rights of the
plaintiff, and this suit was commenced.  The pleadings
show in detail the respective claims and rights of the
parties, but it is unnecessary to set them out.  The court
below decreed upon the testimony that the plaintiff was
entitled to a first right, by prior appropriation, to 120
inches of water; that after such right should be supplied
defendants were next entitled to 80 inches; and that after
plaintiff and defendants had received the amounts to which
they were entitled by appropriation the surplus should be
permitted to flow down the natural channel of the stream
and through the lands of plaintiff.  From this decree the
defendants appeal, claiming that plaintiff is not entitled,
by prior appropriation, to the amount of water awarded
him by the court below, and that after the rights by ap-
propriation of the respective parties have been supplied
the remainder of the water in the creek should be divided
equally between the plaintiff and the defendants.

An examination of the record satisfies us that the find-
ings of the trial court as to the amount of water to which
plaintiff is entitled by appropriation is correct.  It is ad-

47 Or.——41

mitted that as against the defendants he is the prior appropriator, and therefore the first in right. He has about 120 acres of irrigable land, which requires one inch of water to the acre to irrigate it properly. In 1895 that amount of water was actually diverted from the stream by his grantor, and the evidence shows that the plaintiff and his predecessors in interest have been reasonably diligent in reducing their land to cultivation and making a beneficial use of the water so appropriated. He is therefore entitled, as against the defendants, by right of prior appropriation to the water awarded him. The evidence is that the defendants have about 80 acres of irrigable land, a part of which only is under cultivation. The decree of the court below awards them sufficient water, after the plaintiff's prior right is satisfied, for all of their land. This is clearly as favorable a decree as they are entitled to. They are nonriparian proprietors, and can have no rights in the surplus water, if any, after the appropriations are satisfied. The plaintiff has acquiesced in the decree awarding the defendants a second right to water by appropriation by not appealing therefrom. The question, therefore, as to whether his prior appropriation is inconsistent with the claim as riparian proprietor, as it may affect the rights of the defendants in this litigation, is not before us. The decree of the court below is therefore affirmed.

AFFIRMED.